UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BARKER,

    Petitioner,                            Civil No. 05-CV-74408-DT
                                           HONORABLE BERNARD A. FRIEDMAN
v.                                          CHIEF UNITED STATES DISTRICT JUDGE

PERCY CONERLY,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Timothy Barker, ("Petitioner"), presently confined at the Pine River Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges the Michigan Parole Board's refusal to consider granting him parole on his conviction for second- degree criminal sexual conduct. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.** [1]

### I. Background

Petitioner was convicted of one count of second-degree criminal sexual

---

[1] Although petitioner filed his application for writ of habeas corpus under 28 U.S.C. § 2241, § 2254 is not only the "appropriate vehicle" for petitioner's parole denial claims, it is , practically speaking, the sole vehicle. *Crouch v. Norris,* 251 F. 3d 720, 723 (8th Cir. 2001). This is because petitioner is a "person in custody pursuant to the judgment of a State court", and can only obtain habeas relief under § 2254, regardless of how his pleadings are styled. *Id.* (quoting 28 U.S.C. § 2254(a)).

conduct in the state trial court and was sentenced on October 13, 1995 to two to fifteen years in prison. [2]  Petitioner has been denied release on parole by the Michigan Parole Board several times, the most recently, on February 10, 2005.

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I.  There is a serious substantive due process and equally serious equal protection violation(s) of the petitioner's constitutional rights in this case and the U.S. Supreme Court has enunciated for at least a quarter-century and has made clear in numerous decisions that even though a person has no "right" to a valuable government benefit and even though the government may deny him the benefit for any number of reasons there are some reasons upon which the government may not rely.  Petitioner in this case now before this Court has been repeatedly denied parole in direct retaliation for personal reasons due to the nature of the petitioner's crime, when the sentencing court took the nature of the petitioner's crime into consideration when sentencing the petitioner.  Denial of parole in an arbitrary and capricious manner invalidates the parole process in the petitioner's particular case and violates petitioner's equal protection and substantive due process rights.
>
> II.  In the State of Michigan, there is no possible remedy for Michigan state prisoners to avail themselves of in making a challenge to the Parole Board on the substantive due process, Due Process, or Equal Protection Clauses of the Michigan or United States Constitutions (sic) or more importantly, for retaliatory behavior/decisions by the Michigan Parole Board members.  Therefore, there is no state court remedy available as enunciated by the Michigan Legislature, Michigan Court of Appeals, and supported by the Michigan Supreme Court.

---

[2]  Some of this information was obtained from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's parole claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's primary claim is that he has wrongfully been denied release on parole.

There is no constitutional right of a convicted person to be conditionally

released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 235 Mich. App. 21; 596 N. W. 2d 202, 204 (1999)). The Michigan parole statute therefore does not create a right to be paroled. *Id.; See also Hurst v. Department of Corrections Parole Bd.*, 119 Mich. App. 25, 29; 325 N.W. 2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst,* 119 Mich. App. at 28. M.C.L.A. 791.233, Michigan's parole statute, does not create a protected liberty interest in parole, because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004)(internal citation omitted). Petitioner therefore does not "have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Id.* (quoting *Sharp v. Leonard*, 611 F. 2d 136, 137 (6th Cir. 1979)).

4

Thus, where a prisoner has no state created liberty interest in being paroled, he or she may not challenge the procedures used to deny him or her parole. *Johnson,* 314 F. Supp. 2d at 713.  Because petitioner had no protected liberty interest in parole, he has no right to expect the parole board to follow state procedural rules as a matter of federal due process. *Id.*

Petitioner initially contends that the Michigan Parole Board failed to offer substantial or compelling reasons, as required by M.C.L.A. 791.233e, for ignoring the Michigan Parole Guidelines, which gave petitioner a high probability score for being paroled.  Where an inmate has no legitimate expectation of, and thus no liberty interest in, receiving parole, as is the case here, a parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson,* 314 F. Supp. 2d at 713.

Petitioner further contends that the parole board impermissibly relied on the second-degree criminal sexual conduct offense that he was convicted of to deny him parole.  It is permissible, however, for a parole board to deny an inmate release on parole because of the nature or severity of his criminal offense and sentence. *See Parker v. Corrothers,* 750 F. 2d 653, 662 (8th Cir. 1984); *Schuemann v. Colorado State Bd. Of Adult Parole,* 624 F. 2d 172, 174 (10th Cir. 1980); *Davis v. Thomas,* 256 F. Supp. 2d 190, 191 (S.D.N.Y. 2003).  Indeed, "[r]ecidivism, community safety, the degree of success (and failure) of remedial programs for sex offenders in general and pedophiles in particular, and the

consequences to the community of an erroneous decision to release" are valid considerations for the Michigan Parole Board to use in deciding whether to release a convicted sex offender on parole. *See Juarez v. Renico,* 149 F. Supp. 2d 319, 325 (E.D. Mich. 2001).

Petitioner's related claim that the parole board's decision to deny him parole was retaliatory is without merit, because petitioner has offered no evidence that the parole board's decision to deny him parole was based on their intent to retaliate against petitioner for his exercise of a constitutional right, as opposed to being based on the facts of his crime. *See Bell v. Ohio Adult Parole Authority,* 23 Fed. Appx. 478, 479 (6th Cir. 2001).

Petitioner also appears to argue that his equal protection rights have been violated because he claims that there are twenty five other prisoners who have been granted parole despite their refusal to participate in or complete sex offender therapy.

To violate the Equal Protection Clause of the Fourteenth Amendment the state must treat two groups of similarly situated people differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  However, unless a classification warrants some form of heightened review because it impacts upon a fundamental right or categorizes persons on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification be rationally related to a legitimate state interest. *Nordlinger v.*

*Hahn,* 505 U.S. 1, 10 (1992).

Prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson v. Jamrog,* 411 F. 3d 615, 619 (6th Cir. 2005); *Hadix v. Johnson,* 230 F. 3d 840, 843 (6th Cir. 1998); *Perez,* 157 F. Supp. 2d at 795. Convicted sex offenders are likewise not a suspect class, for purposes of the Equal Protection Clause, and any laws or classifications that they may be subjected to are therefore reviewed under the rational basis test. *See Cutshall v. Sundquist,* 193 F. 3d 466, 482 (6th Cir. 1999).

In the present case, petitioner has failed to offer the names of the prisoners whom he claims were given parole, the offenses that they were in prison for, their prior criminal record, or their conduct while incarcerated. Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez,* 157 F. Supp. 2d at 795. In the present case, petitioner has failed to allege any facts which show that he received disparate treatment at the hands of the parole board as compared with a similarly situated prisoner. *See Reffitt v. Nixon,* 917 F. Supp. 409, 414 (E.D. Va. 1996). Petitioner's equal protection claim particularly fails because he has offered no proof that these inmates who had been granted parole were similarly situated to him in all respects that are material to the parole assessment. *See Linger v. Akram,* 23 Fed. Appx. 248, 252, n. 5 (6th Cir. 2001). In light of the number of factors that a parole board must consider in determining

whether to grant a prisoner parole release, a habeas petitioner's bare assertion that his parole application was rejected while similarly situated prisoners were granted parole is insufficient to state a claim upon which habeas relief can be granted. See *Davis v. Thomas,* 269 F. Supp. 2d 335, 337 (S.D.N.Y. 2003).

With respect to petitioner's related claim that the provisions of M.C.L.A. 791.234(9) are unconstitutional because they eliminate the right of prisoners to appeal the parole board's denial of parole to the state courts, this claim has been rejected by the Sixth Circuit. *See Jackson,* 411 F. 3d at 618-21.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the

8

court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.,* 163 F. 3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Dell,* 194 F. Supp. 2d at 659,

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                            s/Bernard A. Friedman
                                            **HON. BERNARD A. FRIEDMAN**
                                            CHIEF UNITED STATES DISTRICT JUDGE

DATED: February 9, 2006